IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHON LINDSAY, AIS#207044, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07-CV-399-MHT |
| | ) | [WC] |
| RICHARD ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. §1915(e)(1), Plaintiff respectfully moves this Honorable Court for an ORDER appointing counsel to represent him in this action.  In support of this request, Plaintiff states:

1.  Plaintiff cannot afford to hire an attorney; nor does his family have the monetary resources to hire counsel.  He has requested and been granted leave to proceed in forma pauperis in this action.

2.  Plaintiff's incarceration will greatly limit his ability to litigate this case properly.  This action will likely involve substantial investigation and discovery.  At present, there are more than twenty (20) defendants. Furthermore, there are more than twelve (12) inmate witnesses that will be submitting affidavits and testimony, many of whom are scattered among various Alabama Department of Corrections institutions, from whom Plaintiff must attempt to gather affidavits.  Inmates are generally not allowed to correspond with other inmates, and this will significantly hinder Plaintiff's attempts to prosecute and substantiate his claims.

3.  Plaintiff has to act pro se with only a layman's understanding of the law and procedures.  Plaintiff has no formal legal training for such a complex undertaking as this.  He must, in fact, sadly rely on the aid of a "jail-house lawyer," a risky endeavor indeed.

4.  The issues in this case are complex.  A lawyer would help Plaintiff to apply the law properly in briefs and required filings.  Plaintiff has never been a party to a civil proceeding.

5.  Plaintiff has attempted, through correspondence, to find an attorney willing to represent him in this case.  He has contacted several private attorneys and various firms in hopes of enlisting help pro bono, without success.  Plaintiff has further attempted to enlist the Southern Poverty Law Center, ACLU National Prison Project, and Southern Center for Human Rights in Atlanta, GA, to assist him, to no avail.  Plaintiff has made repeated efforts to obtain an attorney.

6.  Plaintiff stands a very good chance of surviving summary dismissal in this action.  A trial in this case will likely involve conflicting testimony.  An attorney would be able  to assist Plaintiff in the presentation of evidence and the cross-examination of opposing witnesses.  Plaintiff firmly believes this case will proceed to the trial phase and the pre-trial assistance of an attorney will aide immeasurably towards making that happen.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court will seriously consider appointing counsel to represent him in this action.

Respectfully submitted this 10th day of July, 2007.

Stephon Lindsay, Plaintiff, pro se
AIS #207044, Dorm E4-56A
Ventress Correctional FAcility
P.O. Box 767
Clayton, AL  36016-0767

(2)

## CERTIFICATE OF SERVICE

I, Stephon Lindsay, Plaintiff in this action, hereby certify that I have served a copy of the foregoing Plaintiff's Motion for Appointment of Counsel on the following parties by regular U.S. Mail to the below listed addresses on this 10th day of July, 2007.

Attorney William R. Lunsford
Maynard, Cooper & Gale, P.C.
655 Gallatin Street
Huntsville, AL  35801

Hon. Troy King
Office of the Attorney General
Alabama State House
11 South Union St.
Montgomery, AL  36130

*Stephon Lindsay*

Stephon Lindsay, Plaintiff, pro se

(3)