IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUL 26  A 9: 32

| | |
|---|---|
| STEPHON LINDSAY, AIS #207044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-399-MHT |
| ) | [WC] |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now the Plaintiff, Stephon Lindsay, pro se in the above styled cause, and respectfully petitions this Honorable Court to allow him to amend his 42 U.S.C. §1983 complaint. As grounds therefore, Plaintiff submits the following:

1.) This is a complicated complaint that has been alleged against twenty-six (26) Defendants. Each Defendant is accused by the Plaintiff of some degree of culpability in the events described in the complaint.

2.) The form used for the initial filing had a limited amount of space in which to lay out the claims against each Defendant.

3.) Allowing the Plaintiff to amend the Complaint will allow for more clarity as to <u>exactly</u> what charges the Plaintiff is alleging against each individual of the twenty-six (26) Defendants.

4.) With all due respect, Plaintiff's being able to allege with specificity against each particular Defendant just what their degree of culpability and involvement is, will allow that Defendant to better understand and answer each stated claim. It further allows that Defendant to frame a more definite answer to that particular accusation.

Plaintiff additionally respectfully petitions this Court to be allowed to amend his prayer for relief (Section VI of Complaint Form) in order to give more understanding and clarification to the damages he specifically prays for from each individual Defendant. Plaintiff seeks varying amounts of damages against various Defendants based on that Defendants degree of brutality and/or involvement in this violation of his rights.

**WHEREFORE,** Plaintiff respectfully petitions this Honorable Court to be allowed to amend his §1983 complaint and further prays this Court will accept the amendments attached hereto and entitled "Amendment to §1983 Complaint filed May 9, 2007."

Respectfully submitted on this 23rd day of July, 2007.

                                                  _Stephon Lindsay_ AIS #207044  
                                                  Stephon Lindsay, Plaintiff, pro se  
                                                  AIS #207044, Dorm E4  
                                                  Ventress Correctional Facility  
                                                  P.O. Box 767  
                                                  Clayton, AL 36016-0767

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 23rd day of July, 2007, served the below listed parties with a copy of the foregoing motion by placing a copy in the U.S. mail first class postage prepaid here at Ventress Correctional Facility to the following addresses:

William R. Lunsford  
Maynard, Cooper & Gale, P.C.  
655 Gallatin Street  
Huntsville, AL 35801

Kim T. Thomas, (THO115)  
Deputy Attorney General  
General Counsel  
Alabama Department of Correctiona  
Legal Division  
301 Ripley St.  
P.O. Box 301501  
Montgomery, AL 36130-1501

Greg Biggs (BIG004)  
Assistant Attorney General  
Assistant General Counsel  
Alabama Department of Corrections  
Legal Division  
301 Ripley St.  
P.O. Box 301501  
Montgomery, AL 36130-1501

                                              _Stephon Lindsay_ AIS #207044  
                                              Stephon Lindsay, Plaintiff, pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPHON LINDSAY, AIS #207044, )
                              )
        Plaintiff,            )
                              )
v.                            )   CIVIL ACTION NO. 2:07-CV-399-MHT
                              )                   [WC]
RICHARD ALLEN,                )
                              )
        Defendants.           )

### PLAINTIFF'S AMENDMENT TO 42 U.S.C. §1983 COMPLAINT FILED MAY 9, 2007

V.  STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATIONS THAT YOU CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

AGAINST DEFENDANT Richard Allen, in his official capacity as Commissioner, Alabama Department of Corrections, a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Commissioner Allen clearly caused and allowed a pervasive policy of brutality against this Plaintiff to exist by knowing that certain ADOC officials were using excessive force routinely and deliberatedly and by failing to correct and/or discipline the official subordinate to him that administered said policy on an ADOC institutional level.

AGAINST DEFENDANT Warden Cummins, in his official and individual capacities as Warden, Bullock County Correctional Facility. Warden Cummins allowed, fostered, and participated in a policy of excessive use of force in violation of the Eighth Amendment to the U.S. Constitution. Warden Cummins further was deliberatedly indifferent to the lack of medical care provided to this Plaintiff for injuries suffered in a brutal and malicious attack by correctional officers under Warden Cummins direct control and supervision.

AGAINST DEFENDANT Sandra Giles, in her official and individual capacities as a Warden at Bullock County Correctional Facility, by causing and/or allowing, fostering and participating in a policy of the use of excessive force against this Plaintiff. Warden Giles further was deliberatedly indifferent to the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating by correctional officers under Warden Giles direct control and supervision.

AGAINST DEFENDANT Captain Sylvester Nettles, in his official and individual capacities as a Correctional Officer Supervisor at Bullock County Correctional Faciltiy, by causing, allowing, fostering, and/or participating in a policy of the use of excessive force against the Plaintiff in violation of the Eighth Amendment prohibition against the use of excessive force. Further, Captain Nettles was deliberatedly indifferent to the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating by the correctional officers he supervised. Additionally, Captain Nettles showed deliberate indifference to the illegal actions of these officers by using taunts and belittling language and showing flagrant disregard for the seriousness of this incident.

AGAINST DEFENDANT Ruthie Perry, in her official and individual capacities as a Sergeant at Bullock County Correctional Facility, by failing to prevent the excessive use of force in violation of the Eighth Amendment. Sergeant Perry failed to intervene in the brutal beating of this Plaintiff and failed to prevent further physical abuse when she witnessed such brutality being used against this Plaintiff. Further, Sergeant Perry allowed ADOC policy to be violated by not preventing the continued violation of this Plaintiff's rights.

AGAINST DEFENDANT J. Hudson, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT L. Herbert, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Screecher, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and failing to stop the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Hampton, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and allowing the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Talley, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Bennett, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility by inflicting a brutal, sadistic and maliciaous beating on this Plaintiff in violation of the Eighth Amendment.

AGAINST DEFENDANT A. Jackson, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Baskin, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on the Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Martin, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Hill, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Curry, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and allowing the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Beecham, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, particularly while working in the Segregation Unit, by being deliberatedly indifferent to the Plaintiff's need for medical care and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating and attack. Further, for causing Plaintiff pain and suffering by denying access to medical care while the Plaintiff was locked up in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Bailey, in his official and individual capacities, as a Correctional Officer at Bullock County Correctional Facility, particularly in the Segregation Unit, by being deliberately indifferent to the Plaintiff's medical needs and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating and attack. Further, for causing Plaintiff pain and suffering by denying access to medical care while Plaintiff was locked up in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Hanes in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility particularly in the Segregation Unit, by being deliberately indifferent to the Plaintiff's need for medical care and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious attack and beating. Further, for causing Plaintiff pain and suffering by denying access to medical care while the Plaintiff was locked down in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Prison Health Services, Inc., the ADOC Health care provider, for deliberated indifference to Plaintiff's serious medical needs and for grossly inadequate healthcare in violation of the contract with ADOC and the Eighth Amendment prohibition against cruel and unusual punishment.

AGAINST DEFENDANT Dr. Sadique, in his official and individual capacities as a medical doctor and employee of Prison Health Services, Inc. providing treatment services to inmates at Bullock County Correctional Facility, and further as the "Head" medical person at Bullock County Correctional Facility, for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

AGAINST DEFENDANT Nurse Ethen, in her official and individual capacities as a nurse and employee of Prison Health Services, Inc. for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

AGAINST DEFENDANT Nurse Dubois, in her official and individual capacities as a nurse and employee of Prison Health Services, Inc. for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

VI. STATE BRIEFLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

(1) Trial by jury.

(2) Declaratory judgment on all issues and claims.

(3) A finding of liability against ADOC officers J. Hudson, L. Herbert, Talley, Bennett, A. Jackson, Baskin, Martin, Hill, and Curry.

(4) Monetary compensation in the amount(s) of:

   A. Against Defendants J. Hudson, L. Herbert, Talley, Bennett, A. Jackson, Baskin, Martin, Hill, and Curry in their official and individual capacities $100,000.00 (one hundred thousand dollars) compensatory damages per Defendant and $200,000.00 (two hundred thousand dollars) double compensatory punitive damages per Defendant.

   B. Against Defendant Commissioner Richard Allen in his official capacity, $50,000.00 (fifty thousand dollars) in compensatory damages and $100,000.00 double compensatory punitive damages.

   C. Against Defendants Warden Cummins, Warden Sandra Giles and Ruthie Perry, in their official and individual capacities, $50,000.00 compensatory damages and $100,000.00 double compensatory punitive damages per Defendant.

   D. Against Defendant Captain Sylvester Nettles, in his official and individual capacity, $250,000.00 (two hundred and fifty thousand dollars) in compensatory damages and double compensatory ($500,000.00) five hundred thousand dollars punitive damages.

   E. Against Defendants Dr. Sadique, Nurse Ethen, Nurse Dubois and Nurse Jane Doe (to be named later), in their official and individual capacities, $50,000.00 fifty thousand dollars compensatory damages, and double punitive ($100,000.00) one hundred thousand dollars damages per Defendant.

   F. Against Defendant John Doe ( unnamed and to be named later) ADOC Investigation and Intelligence Division (I&I), in his official and individual capacities, $50,000.00 (fifty thousand dollars) compensatory and double punitive, $100,000.00 (one hundred thousand dollars) damages.

   G. A finding that one, and/or some, and/or several, and/or all of these Defendants, either individually or in their official capacities, and/or severally, violated the Plaintiff's rights by using, condoning the use of, or causing the use of excessive force, nominal damages in the aggregate amount of $10,000.00 (ten thousand dollars).

(5)

I declare under penalty of perjury that the foregoing is true and correct.

*Stephon Lindsay* AIS# 207044
Stephon Lindsay, Plaintiff, pro se
AIS #207044, Dorm E4
Ventress Correctional Facility
P.O. Box 767
Clayton, AL  36016-0767

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2007, I served the below listed parties with a copy of the foregoing filing by placing a copy of the same in the U.S. mail first class postage perpaid here at Ventress Correctional Facility to the following addresses:

William R. Lunsford
Maynard, Cooper & Gale, P.C.
655 Gallatin Street
Huntsville, AL  35801

Kim T. Thomas (THO115)
Deputy Attorney General
General Counsel
Alabama Department of Corrections
Legal Division
301 South Ripley St.
P.O. Box 301501
Montgomery, AL  36130-1501

Greg Biggs (BIG004)
Assistant Attorney Genera;
Assistant General Counsel
Alabama Department of Corrections
Legal Division
301 South Ripley St.
P.O. Box 301501
Montgomery, AL  36130-1501

*Stephon Lindsay* AIS# 207044
Stephon Lindsay, Plaintiff, pro se

(6)

Stephon Lindsay
AIS #207044, Doem E4
Ventress Correctional Facility
P.O. Box 767
Clayton, AL  36016-0767

United
For th
Clerk'
P.O. I
Montgc