IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHON LINDSAY, AIS #207044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-399-MHT |
| ) | [WC] |
| RICHARD ALLEN, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDMENT TO 42 U.S.C. §1983 COMPLAINT FILED MAY 9, 2007

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATIONS THAT YOU CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

AGAINST DEFENDANT Richard Allen, in his official capacity as Commissioner, Alabama Department of Corrections, a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Commissioner Allen clearly caused and allowed a pervasive policy of brutality against this Plaintiff to exist by knowing that certain ADOC officials were using excessive force routinely and deliberatedly and by failing to correct and/or discipline the official subordinate to him that administered said policy on an ADOC institutional level.

AGAINST DEFENDANT Warden Cummins, in his official and individual capacities as Warden, Bullock County Correctional Facility. Warden Cummins allowed, fostered, and participated in a policy of excessive use of force in violation of the Eighth Amendment to the U.S. Constitution. Warden Cummins further was deliberatedly indifferent to the lack of medical care provided to this Plaintiff for injuries suffered in a brutal and malicious attack by correctional officers under Warden Cummins direct control and supervision.

AGAINST DEFENDANT Sandra Giles, in her official and individual capacities as a Warden at Bullock County Correctional Facility, by causing and/or allowing, fostering and participating in a policy of the use of excessive force against this Plaintiff. Warden Giles further was deliberatedly indifferent to the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating by correctional officers under Warden Giles direct control and supervision.

AGAINST DEFENDANT Captain Sylvester Nettles, in his official and individual capacities as a Correctional Officer Supervisor at Bullock County Correctional Faciltiy, by causing, allowing, fostering, and/or participating in a policy of the use of excessive force against the Plaintiff in violation of the Eighth Amendment prohibition against the use of excessive force. Further, Captain Nettles was deliberatedly indifferent to the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating by the correctional officers he supervised. Additionally, Captain Nettles showed deliberate indifference to the illegal actions of these officers by using taunts and belittling language and showing flagrant disregard for the seriousness of this incident.

AGAINST DEFENDANT Ruthie Perry, in her official and individual capacities as a Sergeant at Bullock County Correctional Facility, by failing to prevent the excessive use of force in violation of the Eighth Amendment. Sergeant Perry failed to intervene in the brutal beating of this Plaintiff and failed to prevent further physical abuse when she witnessed such brutality being used against this Plaintiff. Further, Sergeant Perry allowed ADOC policy to be violated by not preventing the continued violation of this Plaintiff's rights.

AGAINST DEFENDANT J. Hudson, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT L. Herbert, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Screecher, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and failing to stop the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Hampton, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and allowing the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Talley, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Bennett, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility by inflicting a brutal, sadistic and maliciaous beating on this Plaintiff in violation of the Eighth Amendment.

AGAINST DEFENDANT A. Jackson, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Baskin, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on the Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Martin, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Hill, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by inflicting a brutal, sadistic, and malicious beating on this Plaintiff while using excessive force in violation of the Eighth Amendment.

AGAINST DEFENDANT Curry, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, by witnessing and allowing the brutal, sadistic, and malicious beating of this Plaintiff and doing nothing to prevent or stop such obvious and excessive use of force in violation of the Eighth Amendment.

AGAINST DEFENDANT Beecham, in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility, particularly while working in the Segregation Unit, by being deliberatedly indifferent to the Plaintiff's need for medical care and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating and attack. Further, for causing Plaintiff pain and suffering by denying access to medical care while the Plaintiff was locked up in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Bailey, in his official and individual capacities, as a Correctional Officer at Bullock County Correctional Facility, particularly in the Segregation Unit, by being deliberately indifferent to the Plaintiff's medical needs and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious beating and attack. Further, for causing Plaintiff pain and suffering by denying access to medical care while Plaintiff was locked up in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Hanes in his official and individual capacities as a Correctional Officer at Bullock County Correctional Facility particularly in the Segregation Unit, by being deliberately indifferent to the Plaintiff's need for medical care and the lack of medical care provided to the Plaintiff for injuries suffered in a brutal, sadistic, and malicious attack and beating. Further, for causing Plaintiff pain and suffering by denying access to medical care while the Plaintiff was locked down in the Segregation Unit at Bullock County Correctional Facility.

AGAINST DEFENDANT Prison Health Services, Inc., the ADOC Health care provider, for deliberated indifference to Plaintiff's serious medical needs and for grossly inadequate healthcare in violation of the contract with ADOC and the Eighth Amendment prohibition against cruel and unusual punishment.

AGAINST DEFENDANT Dr. Sadique, in his official and individual capacities as a medical doctor and employee of Prison Health Services, Inc. providing treatment services to inmates at Bullock County Correctional Facility, and further as the "Head" medical person at Bullock County Correctional Facility, for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

AGAINST DEFENDANT Nurse Ethen, in her official and individual capacities as a nurse and employee of Prison Health Services, Inc. for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

AGAINST DEFENDANT Nurse Dubois, in her official and individual capacities as a nurse and employee of Prison Health Services, Inc. for being deliberately indifferent to the Plaintiff's serious medical needs and for being grossly negligent in the medical care provided to this Plaintiff, in violation of the Eighth Amendment.

VI.  STATE BRIEFLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

(1) Trial by jury.

(2) Declaratory judgment on all issues and claims.

(3) A finding of liability against ADOC officers J. Hudson, L. Herbert, Talley, Bennett, A. Jackson, Baskin, Martin, Hill, and Curry.

(4) Monetary compensation in the amount(s) of:

   A. Against Defendants J. Hudson, L. Herbert, Talley, Bennett, A. Jackson, Baskin, Martin, Hill, and Curry in their official and individual capacities $100,000.00 (one hundred thousand dollars) compensatory damages per Defendant and $200,000.00 (two hundred thousand dollars) double compensatory punitive damages per Defendant.

   B. Against Defendant Commissioner Richard Allen in his official capacity, $50,000.00 (fifty thousand dollars) in compensatory damages and $100,000.00 double compensatory punitive damages.

   C. Against Defendants Warden Cummins, Warden Sandra Giles and Ruthie Perry, in their official and individual capacities, $50,000.00 compensatory damages and $100,000.00 double compensatory punitive damages per Defendant.

   D. Against Defendant Captain Sylvester Nettles, in his official and individual capacity, $250,000.00 (two hundred and fifty thousand dollars) in compensatory damages and double compensatory ($500,000.00) five hundred thousand dollars punitive damages.

   E. Against Defendants Dr. Sadique, Nurse Ethen, Nurse Dubois and Nurse Jane Doe (to be named later), in their official and individual capacities, $50,000.00 fifty thousand dollars compensatory damages, and double punitive ($100,000.00) one hundred thousand dollars damages per Defendant.

   F. Against Defendant John Doe ( unnamed and to be named later) ADOC Investigation and Intelligence Division (I&I), in his official and individual capacities, $50,000.00 (fifty thousand dollars) compensatory and double punitive, $100,000.00 (one hundred thousand dollars) damages.

   G. A finding that one, and/or some, and/or several, and/or all of these Defendants, either individually or in their official capacities, and/or severally, violated the Plaintiff's rights by using, condoning the use of, or causing the use of excessive force, nominal damages in the aggregate amount of $10,000.00 (ten thousand dollars).

I declare under penalty of perjury that the foregoing is true and correct.

*Stephon Lindsay* AIS# 207044
Stephon Lindsay, Plaintiff, pro se
AIS #207044, Dorm E4
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2007, I served the below listed parties with a copy of the foregoing filing by placing a copy of the same in the U.S. mail first class postage perpaid here at Ventress Correctional Facility to the following addresses:

William R. Lunsford
Maynard, Cooper & Gale, P.C.
655 Gallatin Street
Huntsville, AL 35801

Kim T. Thomas (THO115)
Deputy Attorney General
General Counsel
Alabama Department of Corrections
Legal Division
301 South Ripley St.
P.O. Box 301501
Montgomery, AL 36130-1501

Greg Biggs (BIG004)
Assistant Attorney Genera;
Assistant General Counsel
Alabama Department of Corrections
Legal Division
301 South Ripley St.
P.O. Box 301501
Montgomery, AL 36130-1501

*Stephon Lindsay* AIS# 207044
Stephon Lindsay, Plaintiff, pro se

(6)

Stephon Lindsay
AIS #207044, Doem E4
Ventress Correctional Facility
P.O. Box 767
Clayton, AL  36016-0767

United
For tl
Clerk'
P.O. I
Montgc