**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **STEPHON LINDSAY, #207044,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:07-CV-399-MHT |
| | ) [WC] |
| **RICHARD ALLEN, WARDEN CUMMINS, SANDRA GILES, SYLVESTER NETTLES, RUTHIE PERRY, J. HUDSON, L. HERBERT, CORRECTIONAL OFFICER SCREECHER, CORRECTIONAL OFFICER HAMPTON, CORRECTIONAL OFFICER TALLEY, CORRECTIONAL OFFICER BENNETT, A. JACKSON, CORRECTIONAL OFFICER BASKIN, CORRECTIONAL OFFICER MARTIN, CORRECTIONAL OFFICER HILL, CORRECTIONAL OFFICER CURRY, CORRECTIONAL OFFICER BEECHAM, CORRECTIONAL OFFICER BAILEY, CORRECTIONAL OFFICER HANES, PRISON HEALTH SERVICES, INC., DR. TAHIR SIDDIQ, NURSE ETHEN, AND NURSE JACQUELINE DUBOSE,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| **DEFENDANTS.** | ) |

**SUPPLEMENTAL SPECIAL REPORT AND ANSWER OF DEFENDANTS DR. TAHIR SIDDIQ, JACQUELINE DUBOSE AND PRISON HEALTH SERVICES, INC.**

COME NOW, Defendants DR. TAHIR SIDDIQ ("Dr. Siddiq"), JACQUELINE DUBOSE ("Nurse Dubose") and PRISON HEALTH SERVICES, INC. ("PHS," collectively with Dr. Siddiq and Nurse Dubose, the "Medical Defendants"), pursuant to this Court's Order dated July 26, 2007, requiring Medical Defendants to provide their Supplemental Special Report and Answer, and submit the following Supplemental Special Report and Answer addressing the

allegations asserted by Plaintiff STEPHON LINDSAY ("Plaintiff") in Plaintiff's "Amendment to 42 U.S.C. § 1983 Complaint filed May 9, 2007" (the "Amended Complaint"):

## I.   INTRODUCTORY STATEMENT

Medical Defendants understand that the Court's Order for supplementation of the Medical Defendants' original Special Report and Answer arose out of the filing of Plaintiff's Amended Complaint. Upon reviewing Plaintiff's Amended Complaint and comparing the allegations asserted in Plaintiff's Amended Complaint to his original Complaint in this action, Medical Defendants concluded that Plaintiff did not alter, amend, delete, add or otherwise change in any meaningful fashion the substantive claims and the allegations allegedly serving as the basis for such claims in this case in his Amended Complaint. In his original Complaint, Plaintiff generally identified purported violations of his constitutional rights, but did not specify any connection of such alleged deprivations to the approximately 22 named defendants. (See Complaint at pp. 1-8). Plaintiff did, however, attach a purported affidavit to his original Complaint attempting to explain the basis of his claims against the approximately 22 defendants. (See Plaintiff Affidavit attached to Complaint). In his Amended Complaint, Plaintiff simply reformatted his allegations attributing his purported constitutional violations to each of the named Defendants. (See Amended Complaint at pp. 1-4). Plaintiff also expounded upon the relief sought in this action. (Id. at pp. 5-6).

Nothing in his Amended Complaint altered his substantive claims against the Medical Defendants or the basis of such claims, as assumed by the Medical Defendants in their Special Report and Answer. In short, the same facts, affidavits, evidence and legal theories posited in the Medical Defendants' Special Report and Answer remain unchanged and are equally applicable to Plaintiff's Amended Complaint. In order to avoid unnecessary duplication and

replication of the Medical Defendants' Special Report and Answer, the Medical Defendants incorporate by this reference their original Special Report in its entirety, as if set forth fully herein. To the extent necessary, Medical Defendants supplement their original Answer to respond to Plaintiff's Amended Complaint.

## II.   INITIAL DISCLOSURES

Medical Defendants incorporate by reference herein, as if set forth fully herein, the following affidavits and corresponding evidentiary materials:

A.   The sworn statement of Dr. Tahir Siddiq;[1]

B.   The sworn statement of Jacqueline Dubose[2]; and

C.   The sworn statement of Nettie Burks with a true and correct copy of excerpts from Plaintiff's medical records attached thereto.[3]

## III.   NARRATIVE STATEMENT OF UNDISPUTED FACTS

In order to avoid unnecessary duplication and replication of the Medical Defendants' Special Report and Answer, the Medical Defendants incorporate by this reference Section II of their original Special Report entitled "NARRATIVE STATEMENT OF UNDISPUTED FACTS" in its entirety, as if set forth fully herein.

---

[1] A true and correct copy of Dr. Tahir Siddiq's affidavit ("Siddiq Aff.") is attached to the Defendants' Special Report and Answer (Doc. 21) as **Exhibit A** and incorporated herein by reference.

[2] A true and correct copy of Jacqueline Dubose's affidavit ("Dubose Aff.") is attached to the Defendants' Special Report and Answer (Doc. 21) as **Exhibit B** and incorporated herein by reference.

[3] A true and correct copy of Nettie Burks' affidavit ("Burks Affidavit") is attached to the Defendants' Special Report and Answer (Doc. 21) as **Exhibit C** and incorporated herein by reference.

**IV.**     **DISCUSSION**

In order to avoid unnecessary duplication and replication of the Medical Defendants' Special Report and Answer, the Medical Defendants incorporate by this reference Section III of their original Special Report entitled "DISCUSSION" in its entirety, as if set forth fully herein.

**V.**     **CONCLUSION**

In order to avoid unnecessary duplication and replication of the Medical Defendants' Special Report and Answer, the Medical Defendants incorporate by this reference Section IV of their original Special Report entitled "CONCLUSION" in its entirety, as if set forth fully herein.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STEPHON LINDSAY, #207044,** )<br>)<br>**PLAINTIFF,** )<br>)<br>v. )<br>)<br>**RICHARD ALLEN, WARDEN** )<br>**CUMMINS, SANDRA GILES,** )<br>**SYLVESTER NETTLES, RUTHIE** )<br>**PERRY, J. HUDSON, L. HERBERT,** )<br>**CORRECTIONAL OFFICER** )<br>**SCREECHER, CORRECTIONAL** )<br>**OFFICER HAMPTON, CORRECTIONAL** )<br>**OFFICER TALLEY, CORRECTIONAL** )<br>**OFFICER BENNETT, A. JACKSON,** )<br>**CORRECTIONAL OFFICER BASKIN,** )<br>**CORRECTIONAL OFFICER MARTIN,** )<br>**CORRECTIONAL OFFICER HILL,** )<br>**CORRECTIONAL OFFICER CURRY,** )<br>**CORRECTIONAL OFFICER BEECHAM,** )<br>**CORRECTIONAL OFFICER BAILEY,** )<br>**CORRECTIONAL OFFICER HANES,** )<br>**PRISON HEALTH SERVICES, INC., DR.** )<br>**TAHIR SIDDIQ, NURSE ETHEN, AND** )<br>**NURSE JACQUELINE DUBOSE,** )<br>)<br>**DEFENDANTS.** ) | **CIVIL ACTION NO.: 2:07-CV-399-MHT**<br>**[WC]** |

---

**SUPPLEMENTAL ANSWER OF DEFENDANTS DR. TAHIR SIDDIQ, JACQUELINE DUBOSE AND PRISON HEALTH SERVICES, INC.**

---

COME NOW, Defendants DR. TAHIR SIDDIQ ("Dr. Siddiq"), JACQUELINE DUBOSE ("Nurse Dubose") and PRISON HEALTH SERVICES, INC. ("PHS," collectively with Dr. Siddiq and Nurse Dubose, the "Medical Defendants"), and for their Supplemental Answer to Plaintiff's "Amendment to 42 U.S.C. § 1983 Complaint filed May 9, 2007" (the "Amended Complaint"), filed by Plaintiff STEPHON LINDSAY ("Plaintiff"), state as follows:

5

## FACTUAL ALLEGATIONS

1.     In response to the allegations asserted by Plaintiff in section V of his Amended Complaint regarding Defendants "Richard Allen, Warden Cummins, Sandra Giles, Captain Sylvester Nettles, Ruthie Perry, J. Hudson, L. Herbert, Screecher, Hampton, Talley, Bennett, A. Jackson, Baskin, Martin, Hill, Curry, Beecham, Bailey and Hanes," Medical Defendants state that they lack sufficient knowledge and/or information to admit and/or deny the allegations asserted in this section of Plaintiff's Amended Complaint against these defendants and, therefore, deny them.

2.     Medical Defendants deny any and all remaining allegations asserted in section V of Plaintiff's Amended Complaint, including, but not limited to, any and all allegations regarding Medical Defendants.

3.     Medical Defendants state that Plaintiff is not entitled to any relief including the relief alleged in section VI of Plaintiff's Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### Third Defense

Plaintiff's claims are barred by the doctrine of assumption of risk.

### Fourth Defense

Plaintiff's claims are barred by the doctrine of laches.

### **Fifth Defense**

Plaintiff's claims are barred by the statute of limitations.

### **Sixth Defense**

Plaintiff's claims are barred by the doctrine of waiver.

### **Seventh Defense**

The Court lacks subject matter jurisdiction over this dispute.

### **Eighth Defense**

This Court is the improper venue in which to assert this action.

### **Ninth Defense**

Plaintiff lacks standing to bring this action.

### **Tenth Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### **Eleventh Defense**

Plaintiff's claims are barred by the doctrine of qualified immunity.

### **Twelfth Defense**

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### **Thirteenth Defense**

Plaintiff's claims are barred by the doctrine of estoppel.

### **Fourteenth Defense**

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

### **Fifteenth Defense**

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

### Sixteenth Defense

Medical Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of person and/or entities for whom or which Medical Defendants are not responsible.

### Seventeenth Defense

Plaintiff's claims are barred because Medical Defendants did not breach any duty allegedly owed to Plaintiff.

### Eighteenth Defense

Plaintiff's claims are barred because there is no casual relationship, legal or proximate, between Medical Defendants' actions or failures to act and the Plaintiff's alleged injuries and damages.

### Nineteenth Defense

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

### Twentieth Defense

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Medical Defendants.

### Twenty-First Defense

Plaintiff failed to exhaust or attempt to exhaust administrative remedies.  42 U.S.C. § 1997e (a) (2005).

### Twenty-Second Defense

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted."  42 U.S.C. § 1997e(c)(1) (2005).

### Twenty-Third Defense

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn.  18 U.S.C. § 3626(a)(1)(A) (2005).

### Twenty-Fourth Defense

Plaintiff's claims are barred because Medical Defendants did not act with deliberate indifference. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

### Twenty-Fifth Defense

Plaintiff's claims are barred because he is seeking to question a medical judgment via injunctive relief.

### Twenty-Sixth Defense

To the extent Plaintiff seeks to recover any attorneys' fees, Medical Defendants object to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by court order.

### Twenty-Seventh Defense

Plaintiff's claims for punitive damages violate PHS's United States and Alabama constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### Twenty-Eighth Defense

Medical Defendants reserve the right to assert other defenses as discovery proceeds.

s/ William R. Lunsford
One of the Attorneys for Prison Health Services, Inc., Dr. Tahir Siddiq and Jacqueline Dubose

**OF COUNSEL:**
William R. Lunsford
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
Email: blunsford@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed via regular U.S. mail to the following:

> Stephon Lindsay
> AIS 207044
> Ventress Correctional Facility
> P.O. Box 767
> Clayton, Alabama 36016-0767

> s/ William R. Lunsford
> Of Counsel

10