**IN THE UNITED STATES DISTRICT FOR**
**THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISON**

| | | |
|---|---|---|
| STEPHON LINDSAY, AIS #207044 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | NO. 2:07-CV-399-MHT |
| | ) | |
| | ) | |
| RICHARD ALLEN, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL SPECIAL REPORT**

**COME NOW** the Defendant, ERRICK DEMUS, by and through his counsel, and pursuant to this Court's Order dated August 20, 2007(Doc. No. 31), files his Supplemental Special Report by submitting the following:

**PLAINTIFF'S ALLEGATIONS**

The Plaintiff, Stephon Lindsay (AIS# 207044) [hereinafter referred to as "Lindsay"] was an inmate in the Bullock Correctional Facility located in Union Springs, Alabama. He apparently has listed in his initial Complaint as a Defendant, a John Doe, an investigator, describing him by race and age (See Complaint). On or about August 8 2007 and pursuant to this Court's order, Counsel for the State Defendants mailed to Lindsay a copy of the relevant investigative report that named as the investigator, in this matter, the Defendant Demus. Obviously, Lindsay identified his John Doe, however, other than listing him as a Defendant, there is nothing that clearly states a cause of action against Demus.

At this time, the Defendants are submitting this Supplemental Report, which is supported by the Affidavit of Investigator Errick S. Demus (see Exhibit "U").

## ADDITIONAL STATE DEFENDANT

Errick S. Demus, Investigator, Investigation and Intelligence Unit, Alabama Department of Corrections, 301 S. Ripley Street, Montgomery, Alabama 36130.

## DEFENSES

The Defendant asserts the following defenses to the Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Plaintiff's claims are barred by the doctrines of waiver and/or laches.

6. The Plaintiff's claims are barred by the statute of limitations.

7. The Court lacks jurisdiction over this dispute.

8. The Plaintiff lacks standing to bring this action.

9. The Defendant pleads the defense of qualified immunity and avers that any purported action taken by him was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

10. The Defendant is entitled to qualified immunity and avers it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that he violated any clearly established constitutional right.

11. The Defendant cannot be held liable on the basis of *respondent superior,* agency, or vicarious liability theories.

12. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

13. The allegations contained in the Plaintiff's Complaint and Amended Complaint against all of the State Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Edu. Of Escambia County, 880 F. 2d 305, 309 (11th. 1989).

14.  The Defendant pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

15.  The Defendant was at all times acting under the color of state law and therefore, he is entitled to substantive immunity.

16. The Defendant pleads the general issue.

17.  This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against this Defendant amounts to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

18. All claims of Plaintiff against this Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

19.  The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff.

20.  The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

21. The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

22.  The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

23.   The Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

24. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

25. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from this Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

The Plaintiff sues Defendant Derrick assumingly on § 1983 (See Complaint and Amended Complaint). In his attempt to do so, Lindsay fails to plead what his cause of action is against this Defendant. As such, the language of 42 U.S.C. § 1983 requires proof of a casual connection between the purported actions or omissions of Demus and any

constitutional deprivation. <u>Jones v. Pruett & Mauldin,</u> 851 F. 2d 1321(11th Cir. 1988). The requisite casual connection may be shown by the personal participation Demus or a policy or custom established by Demus that resulted in a deliberate indifference to the Plaintiff's rights or breach of a duty imposed by state or local law. <u>Zatler v. Wainwright,</u> 802 F. 2d 397 (11th Cir. 1986). Lindsay totally fails to even attempt to do this. Inasmuch as this needs to be proven, Lindsay's Complaint and Amended Complaint fail to specifically allege how Demus personally participated in the alleged acts or omissions or Demus had the ability to establish a custom or policy in regards to the alleged actions or omissions of the others at the facility. At then end of the day, Demus investigated the case and that is basically the sum of what he did (See Exhibit "U"). Additionally, Lindsay fails to establish the subjective component of any Demus to raise proof that any had the necessary culpable mental state. In sum, Lindsay fails to properly allege how Demus had knowledge of any purported act or omission that caused his alleged claims. Of course, Demus gained knowledge of the incident after the fact but the information gathered by him lead to the opinion that there was no excessive force used. Clearly, there is no cause of action against Investigator Demus, and he is entitled to judgment as a matter of law.

<u>**CONCLUSION**</u>

As a supplement to the Correction Defendants Special Report and Answer, the Plaintiff's Amended Complaint against Defendant Demus, as well as the other Correction Defendants, are due to be dismissed on its face, and are further, disproved by the evidence now before the Court. Accordingly, all Correction Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint and Amended Complaint, with or without prejudice, or enter a judgment in their favor.

Respectfully submitted,


KIM T. THOMAS
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


 /s/GREG BIGGS
GREG BIGGS (BIG004)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL


**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
P.O. Box 301501
Montgomery, AL  36130
334-353-3885


**CERTIFICATE OF SERVICE**

I do hereby certify that on the 24th of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Inmate Stephon Lindsay
AIS # 207044
Ventress Correctional Facility
P.O. Box 767
Clayton, AL.  36016-0767


 /s/Greg Biggs
Greg Biggs
Assistant Attorney General

# A F F A D A V I T

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared one Errick S. Demus, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Errick S. Demus and I am currently employed as an Investigator with the Investigation and Intelligence Division, Alabama Department of Corrections, P. O. Box 301501, Montgomery, Alabama 36130.  I am over twenty-one years of age.

In regards to the Investigative Report (I & I case number 07-0023) concerning inmate Stephon Lindsay, AIS 207044, I attest that this report is a true, exact and factual account of events surrounding the use of force allegation.

_Errick S. Demus_
Errick S. Demus
Investigator
Investigation and Intelligence Division
Alabama Department of Corrections

Sworn to and subscribed before me and given under my hand and official seal this the ____30th____ day of ___September___, 20_07_ .

_LaTonya Moore_
Notary Public            My commission expires _9/7/2011_


DEFENDANT'S
EXHIBIT
U

# INVESTIGATIVE REPORT



**ALABAMA DEPARTMENT OF
CORRECTIONS**

**INVESTIGATION & INTELLIGENCE
DIVISION**

Confidential-For Official Use Only

Offense: <u>Use of Force</u>                    Case No.: _____ <u>07-0023</u>

Location: <u>Bullock County Correctional Facility</u> County: <u>Bullock</u>       Date of Offense:   <u>1-8-2007</u>

| Victim(s) | Subject(s) |
|---|---|
| Officer Jeffery Hudson, B/M, DOB 6-6-1968<br>Officer Preston E. Herbert, B/M, DOB 6-5-1962 | Inmate Stephon Lindsay<br>B/M, AIS 207044<br>DOB 9-6-1977 |

## SYNOPSIS:

On 1-8-2007, Officer Jeffery Hudson was assigned as the gym officer at Bullock County Correctional Facility.  Officer Preston Herbert advised Officer Jeffery Hudson that an inmate was in the bleachers masturbating with a large oversize coat on.  Officer Hudson then spotted inmate Stephon Lindsay, B/M, AIS 207044, in the top bleachers with an oversize coat on.  Officer Hudson asked inmate Lindsay to come down from the bleachers to the floor.  Inmate Lindsay came down from the bleachers with an exposed erect penis in a hostile manner waving his arms in the air.  Inmate Lindsay got to close to Officer Hudson, and Officer Hudson had to push inmate Lindsay away from him, and advised him that he was invading his space.  Inmate Lindsay then struck Officer Hudson in the chest area.  At that point, Officer Preston E. Herbert, who was working as a yard officer, but was looking in the gym from the yard, came into the gym and assisted Officer Hudson by striking inmate Lindsay in the back of his leg with his baton.  At that point, Officer Hudson struck inmate Lindsay in the other leg with his baton.  At that point, a struggle ensued between both officers and inmate Lindsay.  The struggle culminated outside of the gym on the exercise yard.  Officer

| Criminal | _____ | Non-Criminal | _____ | Internal | _____ |
|---|---|---|---|---|---|
| Unfounded | _____ | Pending Investigation | _____ | Closed or Inactive | <u> x </u> |
| | | Cleared by Arrest | _____ | Not Cleared | _____ |

| Copies of Report to | | | |
|---|---|---|---|
| Commissioner | _____ | Date of Report | <u>January 31, 2007</u> |
| D/A | _____ | | |
| D/C | <u>Mr. Lovelace</u> | Report Made by | <u>Errick Demus</u> |
| Other | <u>Warden Cummins</u> | Report Typed by | <u>Casandra Henderson</u> |

Preston E. Herbert received a dislocated shoulder.  Officer Hudson received bruises to his knee and elbow, which were photographed.  He also received dislocated fingers on his left hand.  Inmate Lindsay received numerous bruises to his legs and also received a broken left arm.

## DETAILS:

On 1-8-2007 at 4 p. m., Officer Jeffery Hudson was assigned as the gym rover. Officer Preston Herbert was assigned as the outside yard rover right outside of the gym. An inmate approached Officer Preston Herbert and advised Officer Herbert that inmates were in the gym masturbating in the bleachers. Officer Preston Herbert relayed that information to Officer Jeffery Hudson. Officer Jeffery Hudson then approached inmates with large coats on who were sitting in the top bleachers in the gym. Officer Hudson then asked inmate Stephon Lindsay, who had on a large coat, apparently to conceal what he was doing, came down from the bleachers after Officer Hudson ordered him down. At that point, Officer Hudson observed that inmate Lindsay had an erect penis sticking out of his pants, and he approached Officer Hudson in an aggressive manner and got very close to Officer Hudson. Officer Hudson then pushed inmate Lindsay away from him. At that point, inmate Lindsay struck Officer Hudson several times in his chest area. Officer Hudson then drew his baton, and then Officer Preston Herbert came off of the yard into the gym and struck inmate Lindsay in the back of his legs. Officer Hudson also struck inmate Lindsay in the back of the legs. A struggle between Officers Hudson and Herbert ensued with inmate Stephon Lindsay. During the struggle, Officer Hudson's baton was dislodged from his grasp and landed on the floor of the gym. At that point, Officer Preston Herbert's baton was grabbed by inmate Stephon Lindsay, who twisted the baton away from Officer Preston Herbert, and Officer Preston Herbert received a dislocated left shoulder due to these actions. Inmate Stephon Lindsay made a move for Hudson's baton, which was on the floor, and at that point, Officer Hudson dived on the floor and retrieved his baton. At that point, inmate Lindsay ran out of the rear door of the gym onto the yard. At that point, Officer Preston Herbert was in pursuit of inmate Lindsay with a dislocated shoulder, striking inmate Lindsay, trying to get him to subdue. At that point, Officer Hudson arrived on the gym yard and tackled inmate Lindsay to the ground, and at that point, Officer Herbert, with a dislocated shoulder, assisted Officer Hudson by striking inmate Lindsay several times to get him to comply with orders to submit to being handcuffed. At that point, other officers arrived on the scene and was able to subdue and handcuff inmate Stephon Lindsay. Both officers, Herbert and Hudson, advised that inmate Lindsay put up quite a struggle with them, and they received these injuries while struggling with inmate Lindsay.

This investigator traveled to Bullock County Correctional Facility where I obtained detail statements from Officer Bruce Hampton, who was a witness in this offense. Officer Hampton, B/M, DOB 12-12-1965, address is 19275 Hardaway Road, Fort Davis, Alabama, 36031, and his phone number is (334) 485-3314. Officer Hampton stated he was in the ICS Office when he heard a code red. He stated he responded to the gym, and when he got to the gym, he helped the inmate up off the ground outside of the gym on the yard. Officer Hampton stated he asked the inmate to get up off the ground, but the inmate could not get up. Officer Hampton stated he observed that the inmate was bleeding from his legs when he arrived. Officer Hampton stated he handcuffed the inmate with Officer Herbert's handcuffs and escorted inmate Lindsay to the infirmary. Officer Hampton further stated that while in the infirmary, inmate Lindsay did mention that his arm was numb. Officer Bruce Hampton stated that everything was over when he arrived on the scene, and this is all the information that he could furnish in this investigation. His statement will be added to the case file.

This investigator next obtained a detailed statement from Officer Preston Lee Herbert, B/M, DOB 6-1-1962, address is 5724 Villas Lane, Apartment E, Montgomery, Alabama, 36116, and his phone number is 272-5338. In speaking with Officer Preston Herbert, he advised he was a yard rover, and he stated he was advised by inmates that other inmates were in the gym masturbating while looking at the store clerk personnel. Officer Herbert stated he then advised Officer Hudson of this, and Officer Herbert stated he then checked back seconds later in the gym when he saw Officer

Hudson and inmate Lindsay involved in an altercation. Officer Preston Herbert stated that upon arrival, he advised inmate Lindsay to get on the floor. He stated that inmate Lindsay then started swinging at him, Officer Herbert. Officer Herbert stated he then hit inmate Lindsay about 3 to 6 times , and inmate Lindsay then grabbed his baton. He stated that the baton ended up in his, Officer Herbert, left hand. He stated that his arm was then dislocated by inmate Lindsay, who was struggling with him at that time. He stated he remembers when it was dislocated because the pain was so bad. Officer Herbert stated that Officer Hudson, who had fallen on the floor, got up off the floor and hit inmate Lindsay with his baton. At that point, Officer Herbert stated that inmate Lindsay then ran out of the back door of the gym onto the yard. Both officers followed inmate Lindsay, who would not comply with their orders to get on the ground. Officer Herbert stated that he continued to hit inmate Lindsay with his baton with his dislocated shoulder. He stated he hit inmate Lindsay in the leg area, and the inmate finally fell to the ground. At that point, other officers responded. He stated he, Officer Herbert, told Officer Hampton to handcuff inmate Lindsay with his handcuffs. Officer Herbert stated he then told Officer Melvin Curry that his arm was broken, because he didn't know that it was dislocated and he just thought it was broken. Officer Herbert stated he was then escorted to the healthcare unit by other officers. His statement is self-explanatory and will be added to this case file.

This investigator next obtained a detail statement from Officer Jeffery Hudson, B/M, DOB 6-6-1968, address is 226 Tye Street, Union Springs, Alabama, 36089, and his phone number is (334) 738-8573. In speaking with Officer Hudson, he stated he was working as the gym officer. He stated that Officer Preston Herbert informed him to watch inmates in the bleachers and make sure everything was alright, and that the inmates might be masturbating with large coats on. Officer Hudson stated he has had this problem in the past. He stated he saw 2 or 3 inmates in the top of the bleachers with big coats on that may be masturbating. Officer Hudson stated he told inmates that if they are not catching the store, they need to leave or go out of the gym. Officer Hudson stated that's when inmate Lindsay jumped up exposing his erect penis with a big coat on saying "you ain't seen me doing shit", while all the time walking towards Officer Hudson. Inmate Lindsey got in Officer Hudson's face and Officer Hudson stated he then pushed inmate Lindsey back away from him, and that inmate Lindsey then struck him several times in his chest with a closed fist. Officer Hudson stated he then started falling back, and at that point, Officer Herbert came in from the yard and struck inmate Lindsay several times with his baton in his leg area. At that point, inmate Lindsay grabbed Officer Herbert's baton trying to take it away from him. That's when Officer Herbert's shoulder was dislocated. Officer Hudson stated he then pulled his baton and called a code red and continued to strike inmate Lindsay. He stated that inmate Lindsay was still struggling and he continued to strike inmate Lindsay, who then released one of his hands from Officer Herbert's baton. Officer Herbert then was able to get his baton away from inmate Lindsay's grasp. Officer Hudson stated that somehow, his baton and Officer Herbert's baton hit together, and his (Hudson) baton fell to the floor. At that point, inmate Lindsay then ran to get his (Hudson) baton, which had rolled towards the exit door to the yard. Officer Hudson stated that as the inmate reached his baton, he dove for the baton, and they then struggled on the floor of the gym. At that point, Officer Herbert also called in a code red again because his shoulder was dislocated at that point. Officer Herbert then struck inmate Lindsay again, and inmate Lindsay then got up off the ground and released the grasp on Officer Hudson's baton and then ran out on the exercise yard. Officer Hudson stated he then followed inmate Lindsay to the exercise yard and sprayed inmate Lindsay with Freeze +P spray and grabbed inmate Lindsay to take him down to the ground. He stated that the inmate would not go down to the ground. Officer Hudson stated he was able to get inmate Lindsay to the ground in the mud. Officer Hudson stated that other officers arrived, and Officer Herbert gave Officer Hampton his handcuffs to place on inmate Lindsay. Inmate Lindsay was then escorted to the infirmary. Officer Hudson stated that the amount of force he used was justified to gain control of inmate Lindsay and stop inmate

Lindsay from attacking him (Hudson) and Officer Herbert. Officer Hudson stated that it was approximately 50 inmates inside of the gym who were catching the store at the time that this incident happened, and he stated that there was well over a hundred inmates that were on the yard also at the time that this incident happened. Officer Hudson's statement is self-explanatory and will be added to the case file.

This investigator was able to obtain a detail statement from inmate Stephon Lindsay, B/M, AIS 207044, and DOB 9-6-1977. Inmate Lindsay admitted that he is a chronic masturbator. He stated he was not masturbating at the time in the bleachers, but he was just about to masturbate. Inmate Lindsay stated he did have a big coat on and his penis was not exposed, but his pants were unbuttoned because he was in fact going to masturbate on the store clerk personnel who was sitting outside of the store, which is in the gym, issuing out store items to the inmates. Inmate Lindsay stated he remembers coming down from the bleachers, and that he did get in Officer Hudson's face. He stated that Officer Hudson then pushed him back out of his space and told him to get out of the gym. Inmate Lindsay stated he was about to leave the gym when Officer Hudson grabbed him by his collar and shook him. Officer Herbert then came up behind him and started hitting him in his legs with his baton. Inmate Lindsay stated he then grabbed Officer Hudson's baton and was able to take it and throw it near the exit door. Officer Herbert then started hitting him with his baton. Inmate Lindsay stated he then grabbed Officer Herbert's baton and tried to take it away from him. He stated he and Officer Herbert then struggled. Inmate Lindsay stated he ran outside on the yard and both officers followed him (Lindsay). Inmate Lindsay stated that Officer Hudson tackled him once in the gym, and then again outside on the yard. Inmate Lindsay stated he was also maced by Officer Hudson. Inmate Lindsay stated that Officer Herbert was hitting him inside and outside the gym with his baton. Inmate Lindsay stated that other officers arrived and continued to hit him and handcuff him while on the yard. Inmate Lindsay stated he received a broken wrist as a result of his struggle with Officers Herbert and Hudson. Inmate Lindsay's statement is self-explanatory and will be added to the case file.

This investigator next obtained a detail statement from inmate John Walls, who was said to have witnessed this offense. Inmate John Walls, W/M, AIS 145766, stated he was sitting on the bottom bleacher in the gym when Officer Hudson called inmate Lindsay down from the top bleacher. As inmate Lindsay exited the bleacher, Officer Hudson pushed inmate Lindsay in the chest, and then grabbed Lindsay by the collar. Officer Hudson came up and hit inmate Lindsay in the back of his legs. Officer Hudson then hit inmate Lindsay and inmate Lindsay received 4 hits before he started defending himself. Inmate Walls stated that Lindsay then started swinging on both officers. He stated that inmate Lindsay then tried to run out the back door onto the yard, and that Officers Hudson and Herbert followed him (Lindsay). Inmate Walls stated that inmate Lindsay then got on his knees and put his hands up in the air, and Officer Hudson tackled the inmate. Officer Herbert then hit the inmate, and other officers arrived and handcuffed inmate Lindsay. Inmate John Walls' statement is self-explanatory and will be added to the case file.

This investigator next obtained a detail statement from inmate Tavares Allen, B/M, AIS 235436. Inmate Tavares Allen stated he was sitting in the bleachers, and that Officer Hudson called inmate Lindsay down from the bleachers. Inmate Allen stated that Officer Hudson pushed inmate Lindsay back away from him. Inmate Allen stated that the conversation between Officer Hudson and inmate Lindsey became very heated. He stated he then sat back down on the bleachers, and at that point, inmate Allen stated that Officer Hudson grabbed inmate Lindsay by the collar. At that point, inmate Allen stated that Officer Herbert came in and saw what was happening and pulled his baton out and hit inmate Lindsay in the back of his legs. And then Officer Hudson hit inmate Lindsay in the

other leg. He stated that Officer Herbert hit inmate Lindsay in the stomach, and then Officer Hudson hit inmate Lindsay in the head. Inmate Allen stated that inmate Lindsay had his hands in the air the whole time. He stated that after that, inmate Lindsay started swinging at both the officers. Inmate Allen stated that both officers and inmate Lindsay then fell back on the bleachers, which was right beside him where he (Allen) was sitting. Inmate Allen stated that Officer Hudson's baton then fell to the floor by the exit door, and that inmate Lindsay then dove for Officer Hudson's baton, which was on the floor, but was not able to get to it because Hudson got to the baton first. After Officer Hudson retrieved his baton, inmate Lindsay then ran out of the gym door onto the yard. Inmate Allen stated he did not see what happened after that because he could not go out on the yard because other officers had started arriving on the scene. Inmate Tavares Allen's statement is self-explanatory and will be added to this case file.

This investigator next obtained a detailed statement from inmate Jason Harbison, W/M, AIS 236151. In speaking with inmate Harbison, he stated he was in the bleachers and he heard Officer Hudson call inmate Lindsay from the bleachers. Inmate Lindsay came down and Officer Hudson then pushed inmate Lindsay away. Inmate Harbison stated he heard Officer Hudson asking inmate Lindsay was he masturbating, and then inmate Lindsay said "no". Officer Herbert then pulled the coat up of inmate Lindsay, but inmate Harbison stated he could not see if inmate Lindsay was exposed, because inmate Lindsay's back was to him (Harbison). At that point, inmate Harbison stated that Officer Hudson and inmate Lindsay were talking, and that Hudson then grabbed the front shirt of inmate Lindsay. At that point, Officer Herbert came in off the yard and hit inmate Lindsay in the leg with his baton, and that Officer Hudson then hit the other leg of inmate Lindsay with his baton. Inmate Harbison stated that Officer Herbert hit inmate Lindsay in the stomach, and then Officer Hudson hit inmate Lindsay in the head with his baton. Inmate Harbison stated that inmate Lindsay had his hands in the air the whole time. At that point, Officer Harbison stated that inmate Lindsay started to defend himself by swinging on the officers. Officer Hudson's baton came loose and it ended up on the floor. Inmate Harbison stated that inmate Lindsay thought about going for that baton, because he looked at it and made a motion towards it, but Officer Herbert hit him again, and then inmate Lindsay ran out of the back door of the gym. At that point, inmate Harbison stated that inmate Lindsay fell to his knees, and then Officer Hudson ran out and tackled him to the ground. He stated that other officers arrived and they handcuffed inmate Lindsay. Inmate Harbison's statement is self-explanatory and will be added to the case file.

This investigator has obtained photographs of Officer Jeffery Hudson's injuries, which were bruises and contusions to his knees and elbows, and two dislocated fingers on his left hand. As previously mentioned, Officer Preston Herbert received a dislocated left shoulder as a result of this altercation with inmate Lindsay. Inmate Lindsay received a broken left wrist as a result of fighting with these officers.

At present time, it does not appear that excessive force was used by Officers Jeffery Hudson and Preston Herbert to subdue inmate Stephon Lindsay, who fiercely fought with these officers. Therefore, this investigation is to be terminated at this time.

---

Errick Demus, Investigator
Alabama Department of Corrections
Investigations and Intelligence Division

ED/ch

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
**INCIDENT REPORT**

| 1. Institution:<br>BULLOCK COUNTY CORRECTIONAL FACILITY | 2. Date:<br>01-08-2007 | 3. Time:<br>4:00 p.m. | 4. Incident Number:<br>BCF: 07-025 | Class Code:<br>B 07-0023 |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>Gym | 6. Type of Incident:<br>#29 Assault on a Person Associated with DOC Official/Use of Force |
|---|---|

| 7. Time Incident Reported:<br>4:15 p.m. | 8. Who Received Report:<br>Michael McCraney |
|---|---|

**9. Victims:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |
| b. | | No. | |
| c. | | No. | |

| **10. Suspects:** Name | AIS | **11. Witnesses:** Name | AIS |
|---|---|---|---|
| a. Stephon Lindsay | No. B/207044 | a. N/A | No. |
| b. | No. | b. | No. |
| c. | No. | c. | No. |
| d. | No. | d. | No. |
| e. | No. | e. | No. |
| | | f. | No. |
| | | g. | No. |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:

a. N/A
b.
c.
d.
e.

15. Narrative Summary: On January 8, 2007, Officer Jeffery Hudson was assigned as the Gym Rover. At approximately 4:00 p.m., while roving in front of the bleachers, Officer Hudson observed several inmates sitting in the bleachers with big coats on. Officer Hudson then ordered inmate Stephon Lindsay, B/207044, to step down off the bleachers. Inmate Lindsay stood up, his penis was erect hanging out of his (inmate Lindsay) pants. Inmate Lindsay then became hostile, stating you (Officer Hudson) didn't see me do shit. Inmate Lindsay was swinging his arms in a back and forth motion while walking towards Officer Hudson in an aggressive manner. Officer Hudson then reached his left hand out and ordered inmate Lindsay to get back. Inmate Lindsay then started coming closer to me (Officer Hudson) in an aggressive manner. Officer Hudson reached for his baton and again ordered inmate Lindsay to back up. Inmate Lindsay began swinging his closed fist, striking Officer Hudson several times in the chest area. At approximately 4:02 p.m., Officer Herbert (Yard Rover) reported to assist me (Officer Hudson). Officer Herbert struck inmate Lindsay several times on inmate Lindsay left leg. Inmate Lindsay then grabbed Officer Herbert's baton and tried to take the baton away from Officer Herbert. Officer Hudson then began striking inmate Lindsay on his right arm causing inmate Lindsay to turn Officer Herbert's baton a loose. Officer Hudson then called Code Red. Officer Herbert then regained control of his baton and Officer Herbert began striking inmate Lindsay in the right leg area below the knee. Officer Herbert baton hit Officer Hudson baton causing Officer Hudson's baton to fall to the floor. Inmate Lindsay attempted to pick up the baton. Officer Hudson then grabbed inmate Lindsay as he reached down for his baton. Inmate Lindsay ran to the back door of the Gym on the yard. Officer Hudson ordered inmate Lindsay several times to stop; inmate Lindsay refused. Officer Hudson pulled his Chemical Spray (Freeze + P) and sprayed inmate Lindsay. Officer Hudson

Distribution:   ORIGINAL AND ONE (1) COPY to Central 1 & 1 Division          COPY to Deputy Commissioner of Operations (Class A and B ONLY)<br>COPY to Institutional File          COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
**INCIDENT REPORT/DUTY OFFICER REPORT**
**CONTINUATION**

| Institution:<br>BULLOCK COUNTY CORRECTIONAL FACILITY | Incident Number:<br>BCF: 07-025 | Class Code:<br>B |
|---|---|---|
| Date:<br>01-08-2007 | Type of Incident:<br>#29 Assault on a Person Associated with DOC/Use of Force | |

Narrative Summary (Continued, Page No. 2)

then wrestled inmate Lindsay to the ground. Inmate Lindsay continued to be aggressive. At approximately 4:05 p.m., Officer Bruce Hampton placed handcuffs on inmate Lindsay. At approximately 4:06 p.m., Officer Hampton and Officer Adrian Jackson escorted inmate Lindsay to the Infirmary for a body chart (see attached body chart). At approximately 4:10 p.m., Officer Hudson entered the Infirmary for a body chart (see attached body chart). At approximately 4:12 p.m., Officer Herbert entered the Infirmary for a body chart (see attached body chart). At approximately 4:27 p.m., Officer Herbert was transported by Sgt. Ruthie Perry to Bullock County Hospital Emergency Room for treatment. Officer Herbert was examined by Dr. Talda Malk, MD and was released back to BCCF. Lt. Michael McCraney did a Employees First Report of Injury and a copy was faxed to the Division of Risk Management. Inmate Lindsay was escorted to the Segregation Unit and placed in Segregation Cell #19, pending disciplinary action for violation of Rule #29, Assault on a Person Associated with DOC. Lt. McCraney faxed a Duty Officer Report to Commissioner Greg Lovelace and Division of I & I.

Jeffery Hudson, Correctional Officer I

**S T A T E M E N T**

On January 8, 2007, at approximately 4:00 p.m., Officer Bruce Hampton was sitting in the ICS office when Officer Hampton heard via radio; Code Red in the Gym. Officer Hampton rushed to the Gym. Upon arrival Officer Hampton saw inmate Stephon Lindsay, B/207044, lying on the ground. Officer Hampton instructed inmate Lindsay to get up and turn around. Inmate Lindsay complied. Officer Hampton then placed handcuffs on inmate Lindsay and escorted him (Lindsay) to the Health Care Unit. No further action taken.

Bruce Hampton, Correctional Officer I

ADOC Form 302-B – June 1, 2005

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
**INCIDENT REPORT/DUTY OFFICER REPORT**
**CONTINUATION**

| Institution:<br>BULLOCK COUNTY CORRECTIONAL FACILITY | Incident Number:<br>BCF: 07-025 | Class Code:<br>B |
| --- | --- | --- |
| Date:<br>01-8-2007 | Type of Incident:<br>#29 Assault on a Person Associated with DOC/Use of Force | |

Narrative Summary (Continued. Page No. 4)

### **A D D E N D U M**

On January 8, 2007, Lt. Michael McCraney placed inmate Stephon Lindsay, B/207044, bloody state whites in Infirmary Cell #2, so that the clothes could dry.  On January 11, 2007, Lt. McCraney removed inmate Stephon Lindsay's clothes from Infirmary Cell #2 and placed the clothes in a sealed brown paper bag and placed the sealed brown bag in BCCF Central Control at 2:10 p.m.  (See attached evidence form).

_____

Michael McCraney, Correctional Lieutenant

